

NUMBER 13-14-00221-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DANIEL BARRON, SR.,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

On appeal from the 24th District Court
of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Longoria
Memorandum Opinion by Justice Longoria**

Appellant, Daniel Barron Sr., pleaded guilty pursuant to a plea agreement to one count of assault-family violence, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(a) (West, Westlaw through 2013 3d C.S.). As called for by the agreement, the trial court assessed punishment at ten years' imprisonment, suspended

the sentence, and placed appellant on community supervision for three years with a non-probated fine of $1,000. Less than a year later, the State filed a motion to revoke in which it alleged, among other things, that appellant did not comply with the conditions of his supervision that required him to enroll in and complete the Batterer's Intervention Program and to have no contact with the complainant in his case. Appellant pleaded "not true" to the allegations. Following a hearing, the trial court found that all of the State's allegations except those alleging nonpayment of fees to be true and imposed the original sentence of ten years' imprisonment in the Texas Department of Criminal Justice—Institutional Division. As discussed below, appellant's court-appointed counsel has filed a motion to withdraw accompanied by an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court, in writing, that counsel has: (1) notified the appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided the appellant with copies of both pleadings; (3) informed the appellant of his right to file a pro se response,[1] review the record preparatory to filing that response, and seek discretionary review if the Court concludes that the appeal is frivolous; and (4) provided the appellant with a form motion for pro se access to the appellate record, lacking only the appellant's signature and the date and including the mailing address for the court of appeals, with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate time has passed, and appellant has not filed a pro se motion for access to the appellate record or a motion for extension of time to do so. No pro se response was filed, and the State has also not filed a brief.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio,* 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief,[2] and we have

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

[2] Counsel informed us that he specifically considered: (1) whether the trial court had jurisdiction

3

found nothing that would arguably support an appeal. *See id.* at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. We have found no reversible error in the record. We accordingly affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders,* appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In*

---

over the case; (2) whether any of the trial court's evidentiary rulings, if incorrect, rose to the level of reversible error; (3) whether there were any irregularities in the closing arguments; (4) whether the evidence was sufficient to support revocation; and (5) whether there were any irregularities in the sentence. Counsel concluded that none of these issues were meritorious, and we agree.

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4.

*re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim.

App. 2006).

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of February, 2015.